So we will actually hear oral argument in number 231083 Turpak v. McDonough. Mr. Simons. Thank you, Your Honor. May it please the Court. Your Honors, we're here today because the Veterans Court decided that Ms. Turpak was not entitled to the board hearing that she requested, even though the board itself never made that determination. Your Honors, it is undisputed that in January of 2020, Ms. Turpak filed a notice of disagreement in which she explicitly requested a board hearing, and it is undisputed that the board never addressed that notice of disagreement. The board has never said that that notice of disagreement from January 2020 is invalid. Instead, two and a half years after she filed that notice of disagreement, the Veterans Court, a single judge deciding in the first instance, declared that it was invalid. But the Veterans Court is a court of appellate review, Your Honors. Without a board decision on the notice of disagreement that she filed in January 2020, the Veterans Court exceeded its jurisdiction in deciding in the first instance that that notice of disagreement was invalid. When Ms. Turpak sought panel review to correct that overreach, the court, the Veterans Court, acting sua sponte, contrary to its statutory authority and contrary to its own rules, changed her request from a panel review request into a single judge reconsideration request, sent it back to the same judge. That judge granted reconsideration, recognizing errors. Are you contending, though, that there are no internal operating procedures that would allow this sort of single judge reconsideration? No, we are contending that there certainly is an internal operating procedure that purports to allow it. The question is whether the application of that internal operating procedure is consistent with the sua sponte authority of the court as controlled by Section 7261 and this Court's holding in Dixon, as well as the Court's own rules, Rule 35, under which Ms. Turpak requested panel review. Rule 35, for example, lays out three options for a litigant to request review of a single judge decision. One of them is single judge reconsideration. The second one is panel review. And the third one is a hybrid, reconsideration and panel review. And then 35G says what should happen for each of those. It says that the panel review request should go to a panel. That's not what happened here. Instead, the court sua sponte acting on its own forwarded the panel review request to the single judge who dismissed it as moot and then granted reconsideration. Now, Ms. Turpak could have requested reconsideration. She did not. She chose panel review, which is the issue that, you know, this is the problem with the Court's acting sua sponte and changing her request. So we're not contending that the internal operative procedure doesn't purport to allow this. What we're contending is that it's inconsistent with the statute and with the Court's own rules. But if I could return to the issue of the Court, the Veterans Court, acting in the first instance, this Court has made clear on a number of occasions, and I'll cite the Hensley case from 212 F. 3rd, 1255, where this a court of appellate review can only review that which has happened before. In this case, there has been no decision from the Board, none at all, on the validity or invalidity of the January 2020 Notice of Disagreement. That's undisputed. In fact, the Veterans Court conceded in both of its opinions that the Board never addressed that filing. So how did the Veterans Court reason that based on the statute, there's no possible way that the Board could find that it was valid? But if I would permit an analogy, that would be as if this Court were reviewing a decision from a District Court or a Patent Trial and Appeal Board on obviousness. When the Court didn't reach the obviousness question, this Court just declares that a patent is obvious, and the District Court or PTAB couldn't find otherwise. That's not this Court's role as a Veterans Court's role as a court of appellate review to make a decision about the invalidity of the January 2020 Notice of Disagreement. That was the purview of the Board, and the Board has never said anything about that. Now, the reasoning from the judge on that was a conflation of a legal standard with the conclusion of law. In presenting this argument to the single panel review that by saying that she's not going to dispute what the statute says. Obviously, the statute says, 5104C, says you can only elect one form of review of a rating decision at a time. What the statute does not say, Your Honors, is what happens if a veteran does elect a second one at the same time. In fact, the statute further down says that the Secretary has the purview to establish procedures for how to handle that situation. Unsurprisingly, Ms. Turpac's not the only claimant to ever make what would be called an error here in filing for concurrent relief. The Veterans Court reasoned that because she agreed on what the statute says, that constituted an admission that her January 2020 Notice of Disagreement was invalid and that the Board couldn't possibly see it otherwise. That conclusion on that legal question, which is bound up with a number of factual questions about what her intent was at the time that she filed it and other factual questions as well, that's a legal conclusion separate from what the legal standard is. The Veterans Court conflated those two things, conflated the legal standard with the legal conclusion on the validity of that particular filing. Now, there's a lot of argument. Can I just ask, is the impermissible overlap of the appeal and the higher level review request, is that waivable by the Board? So, Your Honors, this goes to the... Or excusable, I don't know what the right term is. Sure. This goes to the immense amount of harmless error arguments that are in the Veterans Court decisions and in the Secretary's briefing. I emailed opposing counsel about this this morning preparing for this argument. We have found instances in which the Board has just proceeded on a Notice of Disagreement, even if it were improperly filed concurrently. And I can file a Rule 28J letter with an example of that. We found instances in which the Board has considered the Notice of Disagreement to be a withdrawal of the earlier higher level review request. The notion that if this Court does what we're asking it to do, which is send this back to the Veterans Court with instructions to remand to the Board to determine, to grapple with, to consider that January 2020 Notice of Disagreement, the notion that that's harmless error, that there's nothing the Board could do other than simply rubber stamp it and declare it invalid, just as the Veterans Court has done, is incorrect. The Board would have a number of options at its disposal at that point. As I said, it could consider the Notice of Disagreement to be withdrawal of the higher level review request. It could simply excuse, as you're... It could simply excuse the Veteran for taking that action, as the statute does not say that the Notice of Disagreement is automatically invalid. And to further the point on the prejudice, Your Honor, even accepting the premise from the Secretary and from the Veterans Court that the only thing the Board could do would be to declare it invalid. We would disagree with that premise, as I just said. But even accepting that premise, it does not follow that it is so obviously invalid that Ms. Terpak did not need to be told that at the time. Did the Veterans Court find the argument regarding the January 22 Notice of Disagreement to be forfeited? The Veterans Court found that the argument regarding what her intent was when she filed the Notice of Disagreement, based on the later evidence, there were a number of Notices of Disagreement that were filed. So the January 22, when she elected the Board decision, she then filed another one in which she didn't elect it. The Veterans Court found that the argument regarding whether her later intent was to be imputed to the earlier Notice of Disagreement to be forfeited and the argument about whether it constituted a withdrawal of the higher-level review request to be forfeited. But the core question before the Veterans Court was whether or not she had requested a hearing. And the Veterans Court determined that because her Notice of Disagreement was invalid, she had not requested a hearing. She had never requested a hearing. And our argument is that the Veterans Court did not have the jurisdiction to declare that the Notice of Disagreement was invalid. That was a decision for the Board to make in the first instance. And the Veterans Court overreached by simply declaring it invalid and then saying the fact that the Board didn't declare it invalid is harmless error because there's no possible way the Board could find otherwise because the statute only allows a Veteran to elect one. And we're saying, Your Honors, that if this goes back to the Board and the Board has to consider the January 22, 2020 Notice of Disagreement, which it has never done, the Board has a number of options to continue to help Ms. Terpak and to give her a Board hearing. If I could... Can you respond also to some of the jurisdictional arguments that were raised by opposing counsel? Sure. I think there were... Would you like me to respond on the sui sponte issue or on the first instance issue? I think there were jurisdictional arguments raised as to both. I can address both. You can address both. Sure. The Secretary's argument is that for both issues, the Secretary is arguing that there's agreement on the statute and that we're challenging the internal operating procedures. For both issues that are raised in the briefing, Your Honor, the challenge is to the scope of the Veterans Court's authority. For the issue that we've been discussing, the first instance issue, the question is whether or not the Veterans Court, as a court of appellate review, has the authority, the jurisdiction to rule on issues, not an issue of how to interpret a law, but an issue of whether a specific filing on January 22, 2020 was invalid. That's a question of the scope of the Veterans Court's authority. This court has repeatedly said that when a litigant is challenging the scope of the Veterans Court's jurisdiction and whether the Veterans Court has exceeded that jurisdiction, that's a question of law that is well within this court's jurisdiction to review. I'll cite the Tadlock case for this. This is in the briefing. It's Tadlock is 5F4-1327 at 1332. That's a Federal of decisions from this court. Similarly, on the sua sponte issue, that's a question, that's a challenge to the court's exceeding the scope of its authority under the statute. The statute says that it's limited to only deciding issues when presented. We're challenging that the court decided an issue that was not presented, specifically a request for the single judge to reconsider his prior opinion. That was not the request for relief that was granted. Under the Dixon case, Dixon court in distinguishing its prior holding in Chaco, the Dixon court said that the Veterans Court does not have the sua sponte authority to decide an issue and grant relief. In this case, the Veterans Court sua sponte granted single judge reconsideration when neither party presented that request. Before I reserve the balance of my time, unless your honors have any other further questions, I'll reserve the balance of my time for rebuttal. Thank you. May it please the court. This tear pack challenge is a procedural step taken by the Veterans Court and the Veterans Court's harmless error determination based on a finding in the decision that has been withdrawn and thus is a nullity. The court lacks jurisdiction to review harmless error determinations by the Veterans Court and as well as Judge Falvey's sua sponte grant of single judge reconsideration. Ms. Tear Pack argues that Judge Falvey acted outside of his authority by granting single judge reconsideration when she filed a motion for panel review. We have argued that the court lacks jurisdiction and this issue came up in a similar case that's in an unpublished decision of Carter v. Principe, where the Veterans Court had denied a motion for full court review, which is under Veterans Court Rule 35C, finding that it wasn't warranted and affirmed a single judge decision. The court found it didn't have jurisdiction to review that decision because the Veterans Court had not addressed or otherwise the decision didn't depend on the validity or interpretation of a statute, nor had the Veterans raised that. And here Ms. Tear Pack isn't raising a question about the validity or interpretation of a statute on this issue or regulation. Today we've heard that Ms. Tear Pack believes that the internal operating procedures of the Veterans Court are inconsistent with Veterans Court Rule 35. That's a new argument that was never in the briefs. And in any event, it's simply incorrect. Rule 35C just simply says the party can move for panel review and there's nothing in that rule that appears inconsistent. It sounded like opposing counsel is also making an argument to the effect of that there was a exceeding its statutory authority, which sounds like a legal argument. Can you respond to that? I understand that the question of whether an issue was presented is what Ms. Tear Pack had relied on. She also relies on the Dixon v. McDonald case and that case shows that her argument about the statutory, that the statute does not allow the single judge sua sponte reconsideration here. In Dixon, the court made clear that there was a distinction between two types of sua sponte authority that the Veterans Court has granted itself and one was procedural. And in that case, it was the fact that the Veterans Court had sua sponte requested early briefing on an issue. That was a procedural step that the court in Dixon did not even consider whether there was an issue presented related to that. And that was noted in footnote two in Dixon and also at pages 802 to 803, where Dixon discusses Checco v. Shinseki, saying that the Veterans Court has broad autonomy to establish its own procedural rules, including the ability to identify an issue for early briefing. So that's the situation we have here versus the second type sua sponte authority that the court noted in Dixon, which was the authority that the Veterans Court assumed to sua sponte decide the question of equitable tolling when the Secretary had waived the issue. Dixon also noted that when presented, only limits the Veterans Court authority to decide an issue and grant relief not to request early briefing on it. So there's no relief here. Often I'll see that you guys will say lack of jurisdiction or an alternative affirm. Do you have a preferred path here? And if so, why? Lack of jurisdiction based on Carter v. Principi, that there is no question about the non-precedent case that you cited, is that right? I'm sorry, excuse me, I'm sorry. That's the non-precedent case you cited, correct? Correct, Your Honor, yes. And that would be the main reason. There is no question about the validity or interpretation of any statute or regulation that could in any way have been involved with the decision to sua sponte grant reconsideration. But alternatively, we request the court affirm because there's nothing here that goes outside of the Veterans Court's authority. And there's no prejudicial error either. Ms. Tierpach has not responded to the point in our brief that there's no prejudice because the Veterans Court in this Judge Falvey, in this decision, this reconsidered decision, explained that she could file another motion for panel review. That's in a footnote on page two. After the single judge reconsideration, she did not do so. And that second chance that she did not take advantage of means that there was no prejudice to this single judge reconsideration. And turning to the question of harmless error, the Veterans Court did consider whether the board's not affording a hearing. Do you have any precedential case you want to point us to that you think kind of guides or might be binding here? On the question of the board not affording a hearing? Yes. Okay. Well, the harmless error type cases, certainly in this case, Ms. Tierpach agreed with the law, the law that had been stated in the decision of Judge Falvey that he reconsidered. And in that case, the court's decision in Beck v. Wilkie states that the court's ruling could not have been based on an interpretation that was adverse to the claimant because she agreed with the law. Much like in that case, I believe the Veterans Court had accepted the claimant's reading of the law. And in that case, the jurisdictional test of 38 U.S.C. 72-92 has not been satisfied. This court stated in Beck v. Wilkie. Moreover, the court has said in Newhouse that it has no jurisdiction to review harmless error determinations by the Veterans Court. In Tadlock, which Ms. Tierpach has relied on, where the factual basis is not open to debate and the board on remand could not have reached any other determination on the issue, that's an example of a harmless error determination that the court should find as well-grounded. Here, Ms. Tierpach agreed that Section 5104C made clear that there were these three lanes of review. And it stated that you can take one of these actions, but you can't take two at the same time. And she accepted that in her motion for panel review. Given that, Judge Falvey correctly concluded that there was no reason to have the board look at this question because there was no other outcome that would be possible. Now, we've heard for the first time that the board has, according to Ms. Tierpach's counsel, sometimes looked at a notice of disagreement that was filed after another type of review was suggested. However, that's both a new argument and we don't think it's relevant to the question here. It's clear that after obtaining the higher level review that she wanted and filed a form requesting and that was adjudicated, Ms. Tierpach then could have chosen a board hearing. But as shown in Appendix 104, the form that she filled out then was a form for a notice of disagreement seeking direct review, not a board hearing. And now it's only when she didn't prevail on that direct review without a hearing that she said she should have been afforded a hearing. Based on a form filed after the form seeking higher level review, which she states in the motion for panel review, she shouldn't have filed. It was not allowed by 5104C. And the issue of her intent, her ultimate intention, which we've heard about, that was a statement made in Judge Falvey's decision that he granted reconsideration of and it basically is now withdrawn. It's a nullity. There's no reason for the court to consider the language about intent now that there was a new decision from August. 2020. And finally, the question of whether the January 22nd, 2020 notice of disagreement constituted a withdrawal of her earlier request for higher level review. Judge Falvey pointed out that, well, that's not a question that would even be before the Veterans Court or the board because she raised that question for the first time in her motion for panel review. She didn't raise it in her opening brief or reply before the Veterans Court. Given this, that's not an issue that's still even before it was even before the Veterans Court at that point. And in any event, this would simply be incorrect because 540C refers to the three actions that you can take, the three types of review you can seek, and then in a subsequent section refers to the possibility of withdrawing your request. It doesn't make sense reading that statute that a request can also be itself a withdrawal. And for these reasons, we request that the court dismiss Ms. Chirpak's appeal or alternatively affirm the decision of the Veterans Court if the court has no further questions. Thank you. The court, I'd like to make three points primarily in rebuttal. The first, I'd like to start where with the harmless error issue and the notion that Ms. Chirpak agreed with the statement of the law. Ms. Chirpak agreed with what the statute says. It would be somewhat silly for Ms. Chirpak to not agree with what the language of the statute was. That was presented in her panel review request. She started her argument by saying that the claimant does not dispute that the statute says X, Y, and Z. And then she used the word however and presented the arguments, at least one argument, as to why even though the statute says that, this should go back to the board to determine whether her January 2020 notice of disagreement. Why didn't she seek another motion for panel decision, right? Because that was one option that was available to her, right? Yes, Your Honor. And that goes to the question of whether the internal operating procedure is creating what we could consider an infinite loop here. Ms. Chirpak had already requested panel review. She did not get panel review. Instead, there was a sua sponte forwarding of that request to the single judge for reconsideration. The internal operating procedure at issue here says that if she filed another request for panel review, that same procedure gets followed. So could she have filed, in other words, that another request for panel review would again be forwarded first to the single judge for reconsideration. That's an internal operating procedure. And so could she have filed another request for panel review? Yes, she could have. But she wanted to get away from this single judge. He had now ruled against her twice on whether she was entitled to a hearing. And she was requesting panel review the first time. She didn't get it. And so the challenge here is that the internal operating procedure simply does not conform to the statutory authority that the Veterans Court has. If I could address the Carter case for a moment. Before I do that, Your Honor, just getting back to the point about the harmless error. The statute does not, the statute says that the veteran is not to file two concurrent forms of review. It does not say what happens if the veteran or claimant does do that. That is left to the secretary to come up with a procedure for. And the secretary has come up with procedures for considering these things to be withdrawn, et cetera. That's later in the statute. The notion that Ms. Terpak agreed that the only thing the board could do on remand would be to simply declare, just like the Veterans Court did, that this was invalid, is demonstrably incorrect. That is not the state of play here. The board would certainly have options, even if Ms. Terpak filed that in error. To address briefly, to address the Carter case that opposing counsel raised, because opposing counsel has analogized to the non-presidential case in Carter. In that case, the motion was for review by the full court. The full court considered the motion and decided to deny the motion because the case was not deserving of full court review, much akin to this court's procedures for en banc review. The full court considers whether to grant en banc review. That motion was denied, and then the federal circuit said they didn't have jurisdiction to review that decision. That's very different than what happened here. This was a panel review request that was never considered. It was affirmatively for reconsideration by the single judge, who then reconsidered the case on the merits and issued a second erroneous decision. That's not akin to the same. Those are not comparable situations. I see I'm out of time. Unless your honors have further questions, I am happy to address them. Thank you. Thank you, Your Honor. Thanks to all counsel, and the case is submitted. And this time we really are done with the business.